UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH FRANCIS BALDWIN,

                          Plaintiff,

v.                                                              1:23-CV-0673
                                                                (GTS/CFH)
UNITED STATES OF AMERICA/STRATTON
VETERANS ADMINISTRATION MEDICAL
CENTER; JEROME HILL, M.D.; and JAMES
DOLPH, M.D.,

                          Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

JOSEPH FRANCIS BALDWIN
  Pro Se Plaintiff
1145 Fort Hunter Road
Schenectady, NY 12303

HON. CARLA B. FREEDMAN                           RANSOM P. REYNOLDS III, ESQ.
UNITED STATES ATTORNEY                           Assistant United States Attorney
  Counsel for Defendants
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

        Currently before the Court, in this medical malpractice action filed pursuant to the

Federal Tort Claims Act ("FTCA") by Joseph Francis Baldwin ("Plaintiff") against the United

States of America/Stratton Veterans Administration Medical Center ("VAMC"), VAMC

physician Dr. Jerome Hill, and VAMC physician Dr. James Dolph (collectively "Defendants"),

is Defendants' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 18.)  For the reasons set forth below, Defendants' motion is denied.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Complaint

Generally, in his Complaint, Plaintiff asserts a claim of medical malpractice against the three Defendants related to an alleged failure to inform him that the results of a biopsy of a lesion on the right side of his neck performed on June 15, 2018, showed invasive squamous cell carcinoma, despite the fact that he had numerous subsequent appointments at the VAMC with the defendant physicians after those results were available.  (Dkt. No. 1.)  He further alleges that Defendants did not subsequently treat, discuss, or acknowledge this diagnosis in subsequent appointments, nor did they discuss with him any referral for treatment of his cancer.  (*Id.*)

### B.   Parties' Briefing on Defendants' Motion to Dismiss

#### 1.   Defendants' Memorandum of Law

Generally, in their motion to dismiss, Defendants argue that Plaintiff's claim must be dismissed because Plaintiff failed to comply with the two-year statute of limitations applicable to the FTCA.  (Dkt. No. 18, Attach. 1.)  More specifically, Defendants argue the following: (1) the claim against all three Defendants arises under the FTCA because Defendant VAMC is a government entity and both Defendant Hill and Defendant Dolph were employees of the VAMC at the relevant time; and (2) Plaintiff failed to comply with the two-year of statute of limitations applicable to such claims because his medical records show that, contrary to his allegation in the Complaint that he was not informed of the results of the biopsy, a non-defendant employee of the

2

VAMC spoke with Plaintiff about those results on the phone on June 26, 2018 (thus beginning the accrual of his claim on that date) but he did not take any action regarding his claim until (a) his former attorney filed a state court action on April 14, 2021, and (b) he served an Administrative Tort Claim on the Veterans Administration on June 23, 2021 (which was received by that agency on August 2, 2021).  (*Id.* at 3-5, 7-9.)  Defendants further argue that Plaintiff is not entitled to equitable tolling of the statute of limitations because there are no allegations or evidence that he attempted to pursue his rights diligently within the relevant two-year period and there were no extraordinary circumstances that prevented him from filing his claim within the statutory deadline.  (*Id.* at 8-9.)

## 2. Plaintiff's Opposition Memorandum of Law

Generally, in his response memorandum, Plaintiff reasserts his allegations that Defendants did not inform him of the results of the biopsy despite the fact that he continued to attend other appointments with VAMC's Departments of Dermatology and Plastic Surgery, and that he in fact did not learn of his cancer diagnosis until January 26, 2021.  (Dkt. No. 24, at 1-2.)  In response to Defendants' citation to his medical records that indicate a non-defendant employee of Defendant VAMC called to inform him of the biopsy results on June 26, 2018, and that he refused follow-up treatment, he argues that he "has no recollection of that phone call, and would never have responded that way," as well as noting (as is also documented by the submitted medical records) that he "has a 70% hearing loss" and is well-known at the VAMC because of his extensive history of treatment.  (*Id.* at 2.)

## II.   GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision

4

on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

5

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

## III.   ANALYSIS

 After careful consideration, the Court denies Defendants' motion to dismiss for the following reasons.

As an initial matter, Defendants bring their motion under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), but the Court finds that, because they assert only that Plaintiff has failed to comply with the statute of limitations under the FTCA, it is more properly brought solely under Fed. R. Civ. P. 12(b)(6).  *See Rosse v. United States*, 110 F. Supp. 3d 415, 425 (N.D.N.Y. 2015) (finding that "the FTCA's statute of limitations no longer imposes a jurisdictional bar and that the FTCA's statute of limitations should be treated as an affirmative defense") (citing *United States v. Kwai Fun Wong*, 575 U.S. 402, 409-12 [2015]).  The basis of the motion is relevant in this instance primarily because Defendants seek to have the Court consider evidence outside of the pleadings, something which is permitted for a motion pursuant to Fed. R. Civ. P. 12(b)(1), but restricted to much more limited circumstances for a motion pursuant to Fed. R. Civ. P. 12(b)(6).  Because the motion is more properly brought under Fed. R. Civ. P. 12(b)(6), the Court must apply the stricter standard here.

Apparently recognizing that their motion might be construed solely under Fed. R. Civ. P. 12(b)(6), Defendants argue that the evidence they append to their motion should be deemed to be incorporated by reference into the Complaint.  (Dkt. No. 18, Attach. 1, at 6-7.)  Specifically, Defendants argue that the Affirmation of Dr. Khaled Adil that is attached to the Complaint references Plaintiff's medical records and therefore those medical records have been incorporated into the Complaint by reference.  (*Id.*)  It is certainly true that the Court may properly consider Dr. Adil's Affirmation because it was filed with the Complaint.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (noting that the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

Further, "'[a] document is incorporated by reference if the complaint makes a clear, definite and substantial reference to the document.'"  *Houghtaling v. Downes*, 623 F. Supp. 3d 145, 158 n.2 (W.D.N.Y. 2022) (quoting *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 608 [E.D.N.Y. 2017]).  In his Affirmation, Dr. Adil specifically stated that he reviewed Plaintiff's medical records from the VAMC and he discussed facts that his review of the medical records revealed, including the results of the biopsy from June 18, 2018, and a note dated June 22, 2018, in which it was stated that Plaintiff "will be referred to Plastic Surgery for removal of the skin cancer." (Dkt. No. 1, at 6.)  Defendants are therefore correct that the limited medical records contained in Exhibits A and B are incorporated by reference into the Complaint and may be considered on this motion.

Moreover, Exhibits C and D are either (a) documents of which the Court may take judicial notice (as to Exhibit C, which contains documents filed with the state court related to Plaintiff's prior action there) or (b) relied upon heavily by the Complaint and therefore integral to the Complaint (as to Exhibit D, from which Plaintiff appears to have taken whole sections of the allegations in his Complaint).  *See DiGiovanni v. Ergoteles LLC*, 22-CV-9118, 2024 WL 1364727, at *5 (S.D.N.Y. Mar. 31, 2024) (stating that although it is not generally proper to take judicial notice of documents filed in another court for the truth of matters asserted in the other litigation, it is appropriate when limited to establishing the facts of such litigation and related filings) (quoting *Glob. Network Comm'ns, Inc. v. City of New York*, 458 F.3d 150, 157 [2d Cir. 2006]); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the

complaint.").   The Court finds that it may therefore properly consider the extrinsic evidence submitted with Defendants' motion to dismiss.

Turning to Defendants' argument that Plaintiff's claim is untimely, "[a] district court may consider timeliness arguments on a motion to dismiss (or motion for judgment on the pleadings) when the circumstances are 'sufficiently clear on the face of the complaint and related documents as to make the time-bar ruling appropriate.'"  *Langhamer v. Johnson*, 22-CV-5404, 2023 WL 6691017, at \*10 (S.D.N.Y. Oct. 12, 2023) (quoting *LC Cap. Partners, LP v. Frontier Grp., Inc.*, 318 F.3d 148, 157 [2d Cir. 2003]); *see also Fitzgibbons v. City of Oswego*, 10-CV-1038, 2011 WL 6218208, at \*13 (N.D.N.Y. Dec. 13, 2011) (Scullin, J.) ("'[I]t is well-established that a statute of limitations defense may only be resolved on a pre-answer motion to dismiss where the complaint alleges specific information to permit such a finding.'") (quoting *New York v. West Side Corp.*, 790 F. Supp. 2d 13, 28 [E.D.N.Y. 2011]).  However, where there are "material factual issues to be resolved," dismissal on a motion to dismiss for failure to state a claim is not appropriate.  *Bizelia v. Clinton Towers Housing Co., Inc.*, 20-CV-8065, 2022 WL 1747763, at \*6 (S.D.N.Y. May 31, 2022) (citing *Swan v. EMI Music Pub. Inc.*, 99-CV-9693, 2000 WL 1528261, at \*5 [S.D.N.Y. Oct. 16, 2000]).  Indeed, at this stage, "[t]he court does not 'weigh the evidence' or 'evaluate the likelihood' that a plaintiff will prevail on his or her claims."  *Busch v. Howard*, 20-CV-1515, 2021 WL 2946532, at \*3 (W.D.N.Y. July 14, 2021) (quoting *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 [2d Cir. 2017]); *see also Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (E.D.N.Y. 2015) ("[I]ssues of fact, credibility, and the weight of the evidence are not properly considered on a motion to dismiss.").

In this case, the Court is faced with conflicting allegations regarding when Plaintiff first learned of the results of the June 15, 2018, biopsy that showed squamous cell carcinoma. Plaintiff clearly and affirmative alleges as follows:

> At no time during . . . [Plaintiff's] appointments with DEFENDANT was the right neck invasive squamous cell carcinoma treated, discussed and/or acknowledged . . . . Also, there was an appointment with DEFENDANT [Dolph] when PLAINTIFF's daughter was present, when DEFENDANT stated clearly to his new partner in Plastic Surgery that he "just missed it".

 (Dkt. No. 1, at 2-3.)  These allegations conflict with an addendum dated June 26, 2018, in the submitted medical records that indicate that a registered nurse from VAMC "[c]alled pt and informed him of the [fact that the biopsy results from 6/15/18 revealed squamous cell carcinoma] from Dr. Hill's progress note," and that "Pt understood [and was] transferred to MSA to make f/U appt in 6 months."  (Dkt. No. 19, Attach. 1, at 2-3.)   Other medical evidence also documents attempts to contact Plaintiff to schedule a consultation with the Department of Plastic Surgery related to this diagnosis, which ended in a note stating that "Veteran declined/refused–does not want appointment."  (Dkt. No. 19, Attach. 2, at 2-3.)  In his response memorandum of law, Plaintiff reiterates that the biopsy result "was not shared with" him and that he did not learn of the diagnosis until January 26, 2021.[1]  (Dkt. No. 24, at 1-2.)  In particular, in response to the notations in the above-referenced medical records regarding a purported telephone call on June

---

[1]    Although alleging new facts in a response memorandum of law is generally not permitted, the Court must, as a result of Plaintiff's *pro se* status, consider the additional facts in Plaintiff's response memorandum of law to the extent they are consistent with the allegations in his Complaint.  *LaPietra v. Mika*, 19-CV-1527, 2021 WL 7367089, at *7 (N.D.N.Y. Nov. 9, 2021) (Dancks, M.J.) (collecting cases), Report-Recommendation adopted in 2022 WL 325201 (N.D.N.Y. Feb. 3, 2022) (McAvoy, J.); *Cosby v. Russell*, 10-CV-0595, 2012 WL 7678160, at *12 n.9 (N.D.N.Y. Nov. 20, 2012) (Peebles, M.J.) (collecting cases), Report-Recommendation adopted by 2013WL 936588 (N.D.N.Y. Mar. 11, 2013) (McAvoy, J.).

25, 2018, Plaintiff states that he "has no recollection of that phone call, and would never have responded that way.  [He] is well known to the VAMC and has a 70% hearing loss."  (*Id*. at 2.) Finally, Plaintiff states as follows:

> Between 6/18/18, the time the biopsy was reported, and 1/26/21, when patient learned of his diagnosis, he was seen in the offices of Dermatology, Dr. Hill, and Plastic Surgery, Dr. Dolph, collectively, 14 times, with no mention of the original biopsy reported on 6/18/18.

(*Id*.)

Based on the above-stated factual allegations, the Court finds it plausible that Defendants did not sufficiently communicate to Plaintiff on June 26, 2018 (or at any time before January 26, 2021) that the results of his biopsy of June 15, 2018, revealed a squamous cell carcinoma.  In other words, given that the Court must accept Plaintiff's factual allegations as true at this stage, there is a clear question of fact presented regarding when Plaintiff learned the results of the biopsy.  Because Plaintiff alleges that he was not made aware of the diagnosis until January 26, 2021, this question of fact is also material to determining when his claim accrued and whether it is timely.  As was noted above, Plaintiff filed an Administrative Tort Claim with the Veterans Administration on June 23, 2021.  Thus, if this factual issue were to be resolved in Plaintiff's favor, his claim would appear to be timely under the FTCA.

Because it is not the place of the Court to resolve material factual disputes on a Fed. R. Civ. P. 12(b)(6) motion and that would be required in order to come to a conclusion on the issue of whether Plaintiff's claim was timely under the FTCA, Defendants' motion is denied.[2]

**ACCORDINGLY**, it is

---

[2]     Defendants notably do not assert any alternative arguments regarding whether Plaintiff has alleged facts plausibly suggesting a claim for medical malpractice, only that his claim is time-barred.

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 18) is **<u>DENIED</u>**.

Dated: August 29, 2024
        Syracuse, New York


Glenn T. Suddaby
U.S. District Judge